Voto particular del
Juez Asociado Señor Rivera Pérez.
La Jueza Asociada Señora Fiol Matta señala en su opi-nión disidente que “la mayoría también decidió acortar el término de 30 días que provee nuestro Reglamento para que cada Juez considere de forma sosegada todas las opi-niones circuladas. Incluso, la mayoría no permitió que los Jueces y las Juezas, que interesaran escribir opiniones propias, utilizaran la facultad que les provee el Regla-mento de acogerse a un término adicional para ese propósito”. (Enfasis suprimido.) Opinión disidente de la Jueza Asociada Señora Fiol Matta, pág. 122. La distin- *162 guida compañera Jueza Asociada Señora Fiol Matta omite señalar que el Juez Asociado Señor Kolthoff Caraballo cir-culó su ponencia como Opinión del Tribunal el 4 de enero de 2010, o sea, hace veintinueve días. Se acortó el término para que cada uno de los jueces pudieran expresar su cri-terio por el alto interés público del que está revestida la presente controversia y la urgencia que la resolución de este asunto amerita. No obstante, todos los jueces han con-tado con un mes para considerar y evaluar la opinión cir-culada como mayoritaria.
Con mucho respeto tengo que recordarles a mis compa-ñeros de funciones que para el 20 de noviembre de 2004, en Suárez v. C.E.E. I, 163 D.P.R. 347 (2004), la mayoría de entonces decidió acortar el mismo término al que hace alu-sión la Jueza Asociada Señora Fiol Matta, no a veintinueve días, sino a tres horas para que cada juez “considerara de forma sosegada las opiniones circuladas y vertiera su criterio”. Id. No tomaron en consideración —en forma algu-na— que los entonces Jueces Asociados Señores Rebollo López y Corrada del Río se encontraban fuera de Puerto Rico. Al que suscribe, que estaba presente en el Tribunal, se le concedieron tres horas para “considerar de forma so-segada la opinión circulada como de mayoría, que ya con-taba con la mayoría requerida antes de ser circulada a to-dos los jueces”. Id. Redujeron el término reglamentario de treinta días para ello a tres horas, y el término adicional de treinta días para escribir nuestra opinión lo redujeron a cero días u horas. No obstante, en este caso, el término de veintinueve días concedido por acuerdo del Tribunal Supremo de Puerto Rico no es suficiente.
Similar criterio emite el Juez Presidente Señor Hernán-dez Denton, quien expresara que la mayoría del Tribunal “luego de un trámite judicial apresurado que resulta con-trario al debido proceso de ley, elimina los derechos adqui-ridos sobre sus empleos de miles de servidores públicos ...”. Opinión disidente del Juez Presidente Señor Hernández Denton, pág. 101. No obstante, no violó el debido proceso *163 de ley reducir los mismos términos, no a veintinueve días, sino a tres horas. Tal curso de acción, de acuerdo con el Juez Presidente Señor Hernández Denton, no fue apresu-rado cuando se estaba discutiendo el efecto práctico sobre la elección general del derecho al voto de cientos de miles de electores.
Por las razones antes expuestas, el presente caso debe certificarse hoy. No obstante, la Jueza Asociada Señora Fiol Matta nos ha enviado su opinión disidente hoy a las 2:45 p.m., y el Juez Presidente Señor Hernández Denton nos circuló la suya a las 3:00 p.m. La Juez Asociada Señora Rodríguez Rodríguez circuló la suya a las 4:18 p.m. Hemos contado con apenas unos minutos para escribir estos pen-samientos sobre algunas de las inconsistencias que perte-necen a nuestro registro histórico. No se nos ha permitido considerar en forma sosegada las opiniones disidentes cir-culadas, por lo que nos acogemos al término de diez días dispuesto en la Regla 5 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI, para considerar y evaluar todas las opiniones disidentes y determinar si es necesaria una expresión adicio-nal de nuestra parte.